## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LESTER E. COX MEDICAL   )
  CENTERS, dba CoxHealth,  )
            )
    Plaintiff,     )
            )
   v.        )  Case No. 1:07-cv-01218 (CKK)
            )
MICHAEL O. LEAVITT, Secretary, )
  United States Department of  )
  Health and Human Services,  )
            )
    Defendant.    )
_____)

### ANSWER

   Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary" or "Defendant"), by and through his undersigned counsel, answers Plaintiff Lester E. Cox Medical Centers's ("Plaintiff") Complaint for Judicial Review Under the Medicare Act, 42 U.S.C. § 1395oo(f) ("the Complaint") as follows:

### FIRST DEFENSE

   Plaintiff's claims arise solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

   The Complaint fails to state a claim upon which relief can be granted.

<u>THIRD DEFENSE</u>

Using the same numbered paragraphs as the Complaint, the Secretary answers Plaintiff's allegations in the numbered paragraphs of the Complaint as follows:

1. The first, second and fourth sentences of this paragraph contain Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The third sentence contains Plaintiff's characterization of a May 10, 2007 decision by the Provider Reimbursement Review Board ("PRRB"), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the PRRB's May 10, 2007 decision (<u>see</u> Administrative Record ("A.R.") 63-66), which is the best evidence of the decision's contents, for a full and accurate statement of its contents. The fifth and sixth sentences contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

2. Denies, except to admit that Plaintiff's claims arise solely under the Medicare statute.

3. Denies, except to admit that Plaintiff's claims arise solely under the Medicare statute, and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

4-5. Admits.

6. Denies, except to admit that Defendant Michael O. Leavitt is the Secretary of Health and Human Services, and that Defendant is principally responsible for administration of the Medicare program.

7. Admits the first sentence of this paragraph. Denies the second sentence, except to admit that the Medicare program is federally funded and that the Secretary has delegated considerable authority for program administration to the Administrator of the Centers for Medicare & Medicaid Services ("CMS"). Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to the Centers for Medicare & Medicaid Services, 66 Fed. Reg. 35,437 (July 5, 2001).

8. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 U.S.C. § 1395h and to 42 C.F.R. §§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.

9. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 C.F.R. §§ 413.20 and 413.24 for a full and accurate description of the role of the Medicare cost report in the provider reimbursement process.

10.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 C.F.R. § 405.1803 for a full and accurate description of the notice of program reimbursement ("NPR") issued by a fiscal intermediary to a provider participating in the Medicare program.

11.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395e for a full and accurate description of the Medicare statute's requirements regarding payment of deductibles and coinsurance, and to 42 U.S.C. § 1395l(a) and (b) for a full and accurate description of their provisions regarding payment of benefits on behalf of individuals covered under the Medicare program.

12.  The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1396 et seq. ("Medicaid statute") for a full and accurate description of the cooperative federal-state Medicaid program for the indigent.  The second and third sentences of this paragraph contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. §§ 1396a(a)(10)(E), 1396a(n), and 1396d(p), for a full and accurate

description of the their provisions regarding dual eligibles and how a state Medicaid program may be responsible for Medicare deductibles and co-payment amounts otherwise owed by beneficiaries dually eligible for Medicare and Medicaid.

13-15.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 C.F.R. § 413.89 for a full and accurate description of the requirements for Medicare payment of bad debt, and to Provider Reimbursement Manual Section 322 for a full and accurate description of its provisions regarding payment of Medicare bad debts of beneficiaries dually eligible for Medicare and Medicaid.

16-20.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited provisions of the Medicare statute and regulations for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

21.  This paragraph contains Plaintiff's characterization of a September 24, 1999 letter from the fiscal intermediary to Plaintiff, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the September 24, 1999 letter (see A.R.

552-53), which is the best evidence of its contents, for a full and accurate statement of its contents.

22.  This paragraph contains Plaintiff's characterization of a letter dated January 14, 2000 from Plaintiff to the PRRB and the fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the Plaintiff's January 14, 2000 letter (see A.R. 547-56), which is the best evidence of its contents, for a full and accurate statement of its contents.

23.  This paragraph contains Plaintiff's characterization of a August 31, 2000 letter from the fiscal intermediary to the Plaintiff, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the August 31, 2000 letter (see A.R. 714-15), which is the best evidence of its contents, for a full and accurate statement of its contents.

24.  This paragraph contains Plaintiff's characterization of a letter dated February 15, 2001 from Plaintiff to the PRRB and the fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the Plaintiff's February 15, 2001 letter (see A.R. 709-16), which is the best evidence of its contents, for a full and accurate statement of its contents.

25.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; to the extent a response is deemed necessary, denies.

26.  The first sentence of this paragraph contains Plaintiff's characterization of a letter dated November 15, 2005 from Plaintiff to the PRRB and the fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of Plaintiff's November 15, 2005 letter (see A.R. 101-02), which is the best evidence of its contents, for a full and accurate statement of its contents.  Defendant avers that the November 15, 2005 letter relates only to Plaintiff's 1998 fiscal year, and that a November 17, 2005 letter (see A.R. 98-99) relates to Plaintiff's 1997 fiscal year.  The second sentence contains Plaintiff's characterization of documentation that is not contained in the Administrative Record, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

27.  The first sentence of this paragraph contains Plaintiff's characterization of a PRRB decision dated May 10, 2007, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's May 10, 2007 decision (see A.R. 63-66), which is the best evidence of its contents, for a full and accurate statement of its contents.  Admits the second sentence.

28.  This paragraph contains Plaintiff's characterization of a submission dated May 23, 2007, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of Plaintiff's May 23, 2007 submission (see A.R. 20-61), which is the best evidence of its contents, for a full and accurate statement of its contents.

29.  Denies, except to admit that the PRRB has not yet responded to Plaintiff's May 23, 2007 submission to the PRRB.

30.  The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited standard of review provisions of the Administrative Procedure Act, which are incorporated by the Medicare statute, 42 U.S.C. § 1395oo(f)(1).  The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

a.  The first and fourth sentences of this subparagraph contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The second and third sentences ostensibly characterize portions of Plaintiff's cost reports, which are not in the Administrative Record, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

b.  This subparagraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the cited statutory and regulatory provisions, and to the full text of <u>Bethesda Hospital Ass'n v. Bowen</u>, 485 U.S. 399 (1988), for a full and accurate statement of their contents.

c.  This subparagraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of 42 U.S.C. § 1395oo(a) for a full and accurate statement of its contents.

d.  This subparagraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the cited PRRB decisions (<u>see</u> A.R. 34-61) for a full and accurate statement of their contents.

e.  This subparagraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of 42 U.S.C. § 1395oo(a) for a full and accurate statement of its contents.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed

necessary, denies.  Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified three-volume administrative record for this action.

October 22, 2007                    Respectfully submitted,

                         _____/s/_____
                         JEFFREY A. TAYLOR
                         United States Attorney
                         D.C. Bar No. 498610


                         _____/s/_____
                         CHARLOTTE A. ABEL
                         D.C. Bar No. 388582
                         Assistant United States Attorney
                         Judiciary Center Building
                         555 4th St., N.W., Room 10-106
                         Washington, D.C.  20530
                         (202) 307-2332
                         Facsimile: (202) 514-8780

_____/s/_____
                         SUSAN MAXSON LYONS
                         D.C. Bar No. 434249
                         Attorney
                         U.S. Department of Health and
                            Human Services
                         Office of the General Counsel
                         Room 5309 Cohen Building
                         330 Independence Ave., S.W.
                         Washington, D.C. 20201
                         (202) 619-3802
                         Facsimile: (202) 401-1405

_____Counsel for Defendant